**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL ROSENBERGER,<br>Plaintiff, | ) | |
| v. | ) | C.A. No. 08-271 |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | ) | |

Cohill, Senior District Judge.

**MEMORANDUM OPINION**

Daniel Rosenberger ("Plaintiff") brings before this Court an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying Plaintiff's claim for child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et. seq.* The parties have filed cross motions for summary judgment. For the following reasons, the Court will deny Plaintiff's Motion for Summary Judgment (Doc. No. 10) and grant Defendant's Motion for Summary Judgment. (Doc. No. 13).

## I. Procedural Background

Plaintiff is a child under the age of 18. On his behalf, Plaintiff's mother, Leanne Rosenberger, filed an application for SSI on December 5, 2005. Plaintiff's claim was initially denied by the Commissioner on April 3, 2006.. An untimely request for a hearing was filed on April 14, 2006. The Commissioner found that good cause had been established for the late filing and a hearing was held before the administrative law judge ("ALJ") on July 5, 2007. Both Plaintiff and his mother

appeared at the hearing, unrepresented, and testified.

The ALJ denied Plaintiff's claim by decision dated August 8, 2007. (Tr. at 16-32). The Appeals Council declined Plaintiff's request for review of the ALJ's determination on January 11, 2008. Having exhausted his administrative remedies, Plaintiff filed the instant appeal on March 13, 2008, seeking judicial review of the Commissioner's determination pursuant to 42 U.S.C. §405(g). (Doc. No. 3).

## II. Standard of Review

A district court's standard of review in a social security case is whether substantial evidence exists in the record to support the decision of the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. *Fargnoli*, 247 F.3d at 38; 42 U.S.C. §405(g).

"Under the Social Security Act, a disability is established where the claimant demonstrates that there is some 'medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Fargnoli*, 247 F.3d at 38-39 (quoting *Plummer*, 186 F.3d at 427) (citations omitted); *see also* 20 C.F.R. §404.1505(a). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... .'" *Id.* at 39 (quoting 42 U.S.C. §423(d)(2)(A)).

The Commissioner has provided the ALJ with a five-step sequential evaluation process to be used when making this disability determination. *See* 20 C.F.R. §404.1520. The United States Court of Appeals for the Third Circuit sets forth the five step procedure as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a) ... In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. 404.1520(c) ... In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. §404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and give. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. C.F.R. §404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. §404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *See* 20 C.F.R. §404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. *See*, [sic] *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984).

*Fargnoli*, 247 F.3d at 39 (quoting *Plummer*, 186 F.3d at 428).

**III. Analysis**

Plaintiff's sole argument in support of his motion for summary judgment is that the ALJ failed to properly develop the record prior to making his disability determination. Plaintiff argues

that the ALJ disregarded the heightened duty he owed to Plaintiff, as an unrepresented claimant. (Doc. No. 11 at 11). Specifically, Plaintiff argues that the ALJ failed to secure any medical records for the twelve- month period preceding his determination dated August 8, 2007. (Id.) Moreover, Plaintiff contends, the ALJ failed in his duty to properly develop the record by neglecting to secure records from Plaintiff's medical care providers at Mercy Behavioral Health or Plaintiff's primary care physicians at Allegheny General Hospital. (Doc. No. 11 at 12-14). Furthermore, Plaintiff argues that the ALJ improperly neglected to obtain records pertaining to weekly school counseling. (Doc. No. 11 at 13). Finally, Plaintiff argues that he suffered prejudice as a result of the ALJ's failure to secure pertinent medical records and that Plaintiff's mother's response to the ALJ concerning the evidence of record is evidence of the fact that, as an unrepresented claimant, Plaintiff was at a disadvantage in the administrative proceedings. (Doc. No. 11 at 16).

In its cross-motion for summary judgment, the Commissioner argues that the ALJ sufficiently developed the record prior to making his determination. (Doc. No. 14 at 5-6). Specifically, the Commissioner contends that Plaintiff has failed to show that he was prejudiced by the ALJ's alleged failure to develop the record, insofar as he has failed to offer any evidence that the ALJ supposedly failed to secure. (Doc. No. 14 at 6). Moreover, the Commissioner argues that at the administrative hearing, Plaintiff's mother informed the ALJ that there were no further records beyond those contained in the file. (Doc. No. 14 at 7). Additionally, the Commissioner argues that the ALJ was not required to secure medical records for the twelve month period prior to his determination, as Plaintiff asserts. (Doc. No. 14 at 9). Finally, the Commissioner takes the position that the ALJ indeed updated the medical records and received all necessary evidence prior to his disability determination. (Doc. No. 14 at 9). As such, the Commissioner argues that the ALJ properly developed the record

prior to his determination and said determination is supported by substantial evidence and should therefore be affirmed. (Doc. No. 14 at 9-10).

**The ALJ Properly Developed the Record at the Administrative Level Prior to Making His Disability Determination**

A social security claimant has a statutory and regulatory right to representation at an administrative hearing. 42 U.S.C. §406; 20 C.F.R. §404.1700, *et.seq.* Because a claimant may waive his or her right to counsel, however, such lack of counsel alone will not be sufficient grounds for remand. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.1979). However, where the claimant's lack of counsel causes either prejudice to the claimant or causes the hearing to be "marked by unfairness," remand will be appropriate. *Gauthney v. Shalala*, 890 F.Supp. 401, 410 (E.D. Pa. 1995) (citing *Livingston*, 614 F.2d at 345.

A proceeding will be marked by unfairness when the ALJ fails to exercise his or her duty to fully develop the record prior to making a disability determination. *Id.* When a claimant is unrepresented in social security proceedings, the ALJ has a heightened duty to assist the claimant in developing a full and fair record. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir.2003). "'When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Id.* (quoting *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)) (internal quotations omitted). *See also Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) (citing *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir. 1981) (holding that "an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits"). The adequacy of an ALJ's investigation will be determined on a case-by-case basis. *Reefer*, 326 F.2d at 380 (citing *Lashley v. Secretary of Health and Human*

*Services*, 708 F.2d 1048, 1052 (6th Cir. 1983)) (citing also *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir. 1975) for the proposition that the "ALJ's investigation must be 'not wholly inadequate under the circumstances'"). "The essential inquiry is whether the incomplete record reveals evidentiary gaps [that] result in prejudice to the claimant." *Gauthney*, 890 F.Supp. at 410 (citing *Jozefick v. Shalala*, 854 F.Supp. 342 (M.D. Pa. 1994)).

**1.**

Plaintiff contends that the ALJ failed to fully develop the record by failing to secure medical records from Mercy Behavioral Health other than those covering the year 2005. Specifically, Plaintiff argues that the evaluation for wrap around services from Children's Hospital dated June 4, 2007 refers to treatment by Dr. Monti at Mercy Behavioral Health who agreed that Plaintiff had Asperger's Syndrome and should be referred to Children's Hospital. Further, Plaintiff argues, the ALJ specifically noted in his determination that Plaintiff was referred to Children's Hospital for an evaluation by a physician at Mercy Behavioral Health in 2007, but also notes that he had no records pertaining to this referral or to treatment by Mercy Behavioral Health for that time period.(Doc No. 11 at 12-13). As such, Plaintiff argues, the ALJ failed to develop the record by failing to attempt to secure any records from Mercy Behavioral Health pertaining to this referral or treatment during this time period. (Doc. No. 11 at 13).

Plaintiff further argues that the ALJ erred in failing to secure school counseling records from Spring Hill Elementary School. (Doc. No. 11 at 13). Plaintiff argues that, although the Teacher Questionnaire completed by his second-grade teacher refers to weekly school counseling and Plaintiff's mother referred to this counseling in her testimony, the ALJ made no effort to further investigate or to obtain records pertaining to this counseling. (Doc. No. 11 at 14).

**2.**

The Court finds that, given the facts of this case, the ALJ made an adequate investigation into Plaintiff's medical treatment history prior to making his determination. We first note that, prior to making his determination, the ALJ obtained the following medical records: records from Mercy Behavioral Health dated 2005 (Tr. at 102-121); Childhood Disability Evaluation Form dated March 28, 2006 (Tr. at 122-127); Child Development Unit Initial Evaluation dated June 4, 2007 from Children's Hospital of Pittsburgh (Tr. at 128-132); records from Allegheny General Hospital dated January 8, 2004 to February 20, 2006. (Tr. at 133-146). In addition to these records, the ALJ obtained a Teacher Questionnaire provided by Plaintiff's teacher at Spring Hill Elementary School, dated March 10, 2006, (Tr. at 90-97), as well as a Children's Activities Questionnaire completed by Plaintiff's mother. (Tr. at 86-89). The ALJ also heard the testimony of Plaintiff's mother and Plaintiff himself at the administrative hearing. (Tr. at 148-164).

Moreover, at the administrative hearing, the ALJ asked Plaintiff's mother if there were any additional relevant treatment records:

> ALJ: Is there any – you've had an opportunity to look at the file. Is there any information that should be in the file that is not and you feel that is necessary to be obtained in order to render a proper consideration of your son's claim?
>
> WIT: I didn't. I looked briefly over the file. I didn't look over the whole file, but I don't really honestly think that there's anything that I haven't said or written –
>
> ALJ: Well, I'm talking about hospitalizations, doctors' reports, anything of that nature that we don't have.
>
> WIT: No.
>
> ALJ: I mean, you're here for a hearing –

WIT: No.
ALJ: – so you can tell me –

WIT: There's nothing else.

ALJ: Okay, fine . . .

(R. at 151-52).

Upon evaluation of the medical evidence of record and the testimony of Plaintiff and his mother, the ALJ determined that Plaintiff suffered from severe impairments, including attention deficit hyperactivity disorder ("ADHD") and Asperger syndrome. (Tr. at 19). The ALJ further found, however, that these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appdx. 1. (Tr. at 19). Specifically, the ALJ determined that, while Plaintiff was diagnosed with ADHD and Asperger syndrome, fulfilling the "A" criteria of the Listings, his impairments do not result in significant limitations in functional areas as also required by the Listings. (Tr. at 20).

The ALJ further found that the medical records from Allegheny General Hospital and Mercy Behavioral Health, the records from Dr. Iona Shirley's psychiatric evaluation, the Teacher Questionnaire completed in March 2006, Plaintiff's report cards for 2006 and 2007 and the developmental evaluation performed at Children's Hospital in June of 2007 do not support a finding that Plaintiff's impairments cause either marked limitations in two domains of functioning or extreme limitations in one domain of functioning in order to functionally equal a listed impairment under 20 C.F.R. §461.924(a). (Tr. at 32). Specifically, the ALJ considered the objective medical evidence as well as the testimony of Plaintiff and his mother. The ALJ found that while Plaintiff's testimony was generally credible and his mother's testimony was somewhat credible, this testimony

combined with the objective medical evidence support the conclusion that claimant has less than marked limitation in acquiring and using information and attending and completing tasks, marked limitations interacting and relating with others, no limitation in moving and manipulating objects, less than marked limitation in the ability to care for himself and no limitation on health and physical well being. (Tr. at 28-31). As such, the ALJ determined that Plaintiff's impairments are not severe within the meaning of the SSA. (Tr. at 32). Plaintiff makes no other challenges to the adequacy of the ALJ's determination at each of the five steps of the sequential evaluation process. Further, we find that substantial evidence exists in the administrative record to support the ALJ's disability determination.

**3.**

While Plaintiff argues that he was prejudiced by the ALJ's failure to obtain the specific medical records discussed above, he has not shown how he was prejudiced, nor has he offered those records to either the Appeals Council or to this Court. Pursuant to 20 C.F.R. §416.912(d), in order to make an adequate determination regarding a claimant's disability, the Commissioner will obtain a "complete medical history," which includes medical evidence covering the twelve months preceding the date of application. *See Colavito v. Apfel*, 75 F.Supp.2d 385, 389 (E.D. Pa. 1999).

An ALJ's failure to obtain relevant medical records will not automatically result in remand, even where the claimant is not represented. *See e.g. Massey v. Astrue*, Civil Action No. 07-426, 2008 WL 4425853 at *3 (W.D. Pa. September 30, 2008). Indeed, when the ALJ fails to obtain relevant medical records, the claimant is not "ipso facto entitled to remand for consideration of those records. Instead, [the claimant] must show that he was *prejudiced* by the ALJ's failure to obtain those records." *Id.* (emphasis in original); *Weakland v. Astrue*, Civil Action No. 08-22, 2009 WL

734713 at *7 (W.D. Pa. March 19, 2009) (holding that, where the claimant "provided neither the Appeals Council nor this court with any records" allegedly missing from the record, the claimant has not established prejudice). Indeed, remand will be appropriate where the claimant suffered prejudice as a result of the ALJ's failure to obtain certain medical records. *Cf Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir. 1974); *Jozefick v. Shalala*, 854 F.Supp. 342, 349 (M.D. Pa. 1994).

Plaintiff has failed to show that he has been prejudiced by the ALJ's failure to obtain certain medical records referred to in the administrative record. Specifically, as previously noted, Plaintiff has failed to introduce these records or to provide information to this Court as to how these records would have changed the outcome of the ALJ's determination at each step of the sequential evaluation process. As such, the Court finds that Plaintiff has not established the requisite prejudice and remand is not appropriate in this case.

Furthermore, while Plaintiff also argues that the ALJ failed to develop the record by failing to obtain certain medical records for the twelve month period preceding his determination of August 8, 2007, (Doc. No. 11 at 11), the Regulations provide that, for purposes of SSI benefits, the Commissioner should obtain medical evidence for the twelve months preceding the application, not twelve months preceding the ALJ's determination, unless the claimant alleges an onset date less than twelve months prior to the application. 20 C.F.R. §416.912(d). The Commissioner will obtain medical records for the twelve months preceding the determination where the claimant has applied for Disability Insurance Benefits ("DIB"). 20 C.F.R. §404.1512(d). Here, as Plaintiff has applied only for child's SSI, the Regulations provide that the Commissioner secure medical records for the 12 months preceding the application.

**IV. Conclusion**

For the foregoing reasons, we conclude that there is substantial evidence existing in the record to support the Commissioner's decision that Plaintiff is not disabled, and therefore, the Plaintiff's motion for summary judgment is denied.

An appropriate order will be entered.

Date: September 29, 2009

Maurice B. Cohill, Jr.
Hon. Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: counsel of record